**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| WIAV NETWORKS, LLC, a Virginia limited liability company, | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 5:09-cv-101 |
| v. | ) ) | **COMPLAINT** |
| 3COM CORPORATION, a Delaware company, ACER, INC., a Taiwanese company, ACER AMERICA CORPORATION, a California company, APPLE, INC., a California company, ASUS COMPUTER INTERNATIONAL, a California company, ASUSTEK COMPUTER INC., a Taiwanese company, BELKIN, INC., a Delaware company, BELKIN INTERNATIONAL, INC., a Delaware company, BROTHER INDUSTRIES, LTD., a Japanese company, BROTHER INTERNATIONAL CORPORATION, a Delaware company, BUFFALO TECHNOLOGY (USA), INC., a Delaware company, CANON INC., a Japanese company, CANON U.S.A., INC., a New York company, CISCO SYSTEMS, INC., a California company, DELL INC., a Delaware company, D-LINK CORPORATION, a Taiwanese company, D-LINK SYSTEMS, INC., a California company, EPSON AMERICA, INC., a California company, FRANKLIN WIRELESS CORPORATION, a Nevada company, FUJITSU AMERICA, INC., a California company, FUJITSU LTD., a Japanese company, GATEWAY, INC., a California company, GENERAL DYNAMICS ITRONIX CORPORATION, a Delaware company, HEWLETT PACKARD CO., a Delaware company, HP DEVELOPMENT COMPANY LLC, a Delaware company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |

HUAWEI AMERICA, INC., a California )
company, HUAWEI TECHNOLOGIES )
CO., LTD., a Chinese company, LENOVO )
GROUP, LTD. a Chinese company, )
LENOVO (UNITED STATES), INC., a )
Delaware company, LENOVO HOLDING )
COMPANY, INC., a Delaware company, )
LEXMARK INTERNATIONAL, INC., a )
Delaware company, LINKSYS )
CORPORATION, a California company, )
MOTOROLA, INC., a Delaware )
company, NETGEAR, INC., a Delaware )
company, NINTENDO COMPANY, LTD, )
a Japanese company; NINTENDO OF )
AMERICA, INC., a Washington )
company; NOKIA CORPORATION, a )
Finnish company, NOKIA, INC., a )
Delaware company, NOVATEL )
WIRELESS INC., a Delaware company, )
NOVATEL WIRELESS SOLUTIONS, )
INC., a Delaware company, NOVATEL )
WIRELESS TECHNOLOGY, INC., a )
Delaware company, OPTION, INC., a )
Delaware company, OPTION NV, a )
Belgian company, OPTION WIRELESS )
USA, INC., a Delaware company, PALM, )
INC., a Delaware company, PANASONIC )
CORPORATION, a Japanese company, )
PANASONIC CORPORATION OF )
NORTH AMERICA, a Delaware )
company, PANASONIC CONSUMER )
ELECTRONICS COMPANY, a Delaware )
company, PANASONIC ELECTRONIC )
DEVICES CORPORATION OF )
AMERICA, a Delaware company, SEIKO )
EPSON CORPORATION, a Japanese )
company, SHARP CORPORATION, a )
Japanese company, SHARP )
ELECTRONICS CORPORATION, a New )
York company, SIERRA WIRELESS, )
INC., a Canadian company, SIERRA )
WIRELESS AMERICA, INC., a Delaware )
company, SONY CORPORATION,  a )
Japanese company, SONY )
CORPORATION OF AMERICA, a New )

York company, SONY ELECTRONICS )
INC., a Delaware company, SONY )
ERICSSON MOBILE )
COMMUNICATIONS AB, a Swedish )
company, SONY ERICSSON MOBILE )
COMMUNICATIONS (USA), INC., a )
Delaware company, TOSHIBA )
AMERICA, INC., a Delaware company, )
TOSHIBA AMERICA INFORMATION )
SYSTEMS, INC., a California company, )
TOSHIBA CORPORATION, a Japanese )
company, U.S. EPSON, INC., a California )
company, UTSTARCOM, INC., a )
Delaware company, UTSTARCOM )
PERSONAL COMMUNICATIONS LLC, )
a Delaware company, )
XEROX CORPORATION, a New York )
company, ZTE CORPORATION, a )
Chinese company, ZTE (USA) INC., a )
New Jersey company, )
)
     Defendants. )

# COMPLAINT

  Plaintiff WIAV Networks, LLC ("WIAV"), by counsel and pursuant to Federal

Rule of Civil Procedure 8(a), alleges the following against Defendants 3Com

Corporation, Acer Inc., Acer America Corporation, Apple Inc., ASUS Computer

International, ASUSTeK Computer Inc., Belkin, Inc., Belkin International, Inc., Brother

Industries, Ltd., Brother International Corporation, Buffalo Technology (USA) Inc.,

Canon Inc., Canon U.S.A. Inc., Cisco Systems, Inc., Dell Inc., D-Link Corporation, D-

Link Systems Inc., Epson America, Inc., Franklin Wireless Corp., Fujitsu America, Inc.,

Fujitsu Ltd., Gateway Inc., General Dynamics Itronix Corp., Hewlett Packard Co., HP

Development Company LLC, Huawei America, Inc., Huawei Technologies Co., Ltd.,

Lenovo Group, Ltd., Lenovo (United States), Inc., Lenovo Holding Company, Inc.,

Lexmark International, Inc., Linksys Corporation, Motorola, Inc., Netgear Inc., Nintendo

Company, Ltd., Nintendo of America, Inc., Nokia Corporation, Nokia Inc., Novatel Wireless Inc., Novatel Wireless Solutions, Inc., Novatel Wireless Technology, Inc., Option, Inc., Option NV, Option Wireless USA, Inc., Palm Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Electronic Devices Corporation of America, Seiko Epson Corporation, Sharp Corporation, Sharp Electronics Corporation, Sierra Wireless, Inc., Sierra Wireless America, Inc., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc., Toshiba America Inc., Toshiba America Information Systems Inc., Toshiba Corporation, U.S. Epson Inc., UTStarCom, Inc., UTStarCom Personal Communications LLC, Xerox Corporation, ZTE Corporation, and ZTE (USA) Inc. (collectively "Defendants" and individually "Defendant") for patent infringement:

## NATURE OF THE ACTION

1.    Plaintiff WIAV owns United States Patent Nos. 6,480,497 entitled "Method and Apparatus for Maximizing Data Throughput in a Packet Radio Mesh Network" (the "'497 Patent") and 5,400,338 entitled "Parasitic Adoption of Coordinate-Based Addressing by Roaming Node" (the "'338 Patent").

2.    Each Defendant has used and continues to use the technology claimed by the '497 Patent and '338 Patent in systems and methods that the Defendants make, use, sell, and offer for sale, without Plaintiff's permission.

3.    Plaintiff seeks damages for each Defendant's infringement of the '497 Patent and the '338 Patent.

## THE PARTIES

4.    Plaintiff WIAV is a Virginia limited liability company with its principal place of business at 11289 Stones Throw Drive, Reston, Virginia 20194.

5.     On information and belief, 3Com Corporation ("3Com") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 350 Campus Drive, Marlborough, Massachusetts 01752-3064.

6.     On information and belief, Acer, Inc. is a Taiwanese corporation, with a principal place of business at 21F Hsin Tai Wu Road, Section 1, Taiwan.  On further information and belief, Acer America Corporation is a wholly owned subsidiary of Acer, Inc., and is organized and existing under the laws of California, with a principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California 95110.  On further information and belief, Gateway, Inc. is also a wholly owned subsidiary of Acer, Inc., and is a corporation organized and existing under the laws of Delaware, with a principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.  Acer, Inc., Acer America Corporation, and Gateway, Inc. will be referred to herein individually and collectively as the "Acer Defendants."

7.     On information and belief, Apple, Inc. ("Apple") is a corporation organized and existing under the laws of California, with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

8.     On information and belief, ASUSTeK Computer Inc. is a Taiwanese company with a principal place of business at 150 Li-Te Road, Peitou, Taipei 112, Taiwan.   On information and belief, ASUS Computer International is a wholly owned subsidiary of ASUSTeK Computer Inc., and is organized and existing under the laws of California, with a principal place of business at 800 Corporate Way, Fremont, California 94539.  ASUSTeK Computer Inc. and ASUS Computer International will be referred to herein individually and collectively as the "ASUS Defendants."

9.     On information and belief, Belkin International, Inc. and Belkin, Inc. are corporations organized and existing under the laws of the Delaware, with a principal place of business at 501 West Walnut Street, Compton, California 90220.  Belkin

International, Inc. and Belkin, Inc. will be referred to herein individually and collectively as the "Belkin Defendants."

10.   On information and belief, Brother Industries, Ltd. is a Japanese corporation with a principal place of business at 15-1 Naeshiro-cho, Mizuho-ku, Nagoya 467-8561, Japan.  On information and belief, Brother International Corporation is a wholly owned subsidiary of Brother Industries, Ltd., and is organized and existing under the laws of Delaware, with a principal place of business at 100 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807-0911.  Brother Industries, Ltd. and Brother International Corporation will be referred to herein individually and collectively as the "Brother Defendants."

11.   On information and belief, Buffalo Technology (USA), Inc. ("Buffalo Tech") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas 78758.

12.   On information and belief, Canon Inc. is a Japanese corporation, with a principal place of business at 30-2 Shimomaruko 3-Chome, Ohta-Ku, Tokyo 146-8501, Japan.  On information and belief, Canon U.S.A., Inc. is a wholly owned subsidiary of Canon Inc., and is organized and existing under the laws of New York, with a principal place of business at One Canon Plaza, Lake Success, New York 11042.  Canon Inc. and Canon U.S.A., Inc. will be referred to herein individually and collectively as the "Canon Defendants."

13.   On information and belief, Cisco Systems, Inc. is a corporation organized and existing under the laws of California, with a principle of business at 170 West Tasman Drive, San Jose, California 95134.  On information and belief, Linksys Corporation is a wholly owned subsidiary of Cisco Systems, Inc., and is a corporation organized and existing under the laws of California, with a principal place of business at 120 Theory Drive, Irvine, California 92617.  Cisco Systems, Inc. and Linksys

Corporation will be referred to herein individually and collectively as the "Cisco Defendants."

14.    On information and belief, Dell Inc. ("Dell") is a corporation organized and existing under the laws of Delaware, with a principal place of business at One Dell Way, Round Rock, Texas 78682.

15.    On information and belief, D-Link Corporation is a Taiwanese corporation, with a principal place of business at No. 289, Sinhu 3rd Rd., Neihu District, Taipei City 114, Taiwan.  On information and belief, Defendant D-Link Systems, Inc. is a wholly owned subsidiary of D-Link Corporation, and is organized and existing under the laws of California, with a principal place of business at 17595 Mt. Hermann Street, Fountain Valley, California 92708.  D-Link Corporation and D-Link Systems, Inc. will be referred to herein individually and collectively as the "D-Link Defendants."

16.    On information and belief, Franklin Wireless Corp. ("Franklin") is a corporation organized and existing under the laws of Nevada, with a principal place of business at 5440 Morehouse Dr., #1000, San Diego, CA 92121.

17.    On information and belief, Fujitsu Ltd. is a Japanese company with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123, Japan.  On information and belief, Fujitsu America, Inc. is a wholly owned subsidiary of Fujitsu Ltd., and is organized and existing under the laws of California, with a principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.  Fujitsu Ltd. and Fujitsu America, Inc. will be referred to herein individually and collectively as the "Fujitsu Defendants."

18.    On information and belief, General Dynamics Itronix Corp. ("General Dynamics") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 12825 East Mirabeau Parkway, Spokane Valley, Washington 99216.

19. On information and belief, Hewlett Packard Co, is a company organized and existing under the laws of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, California 94304. HP Development Company LLC, on information and belief, is a wholly owned subsidiary of Hewlett Packard Co. and is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, California 94304. Hewlett Packard Co. and HP Development Company LLC will be referred to herein individually and collectively as the "HP Defendants."

20. On information and belief, Huawei Technologies Co., Ltd. is a Chinese company, with a principal place of business at HQ Office Building, Huawei Industrial Base, Bantian, Longgang District, Shenzen 518129, P.R.China, and with its North American headquarters at 1700 Alma Drive, Suite 100 Plano, TX 75075 USA. Huawei America, Inc., on information and belief, is a wholly owned subsidiary of Huawei Technologies Co., Ltd. and is a corporation organized and existing under the laws of California, with a principal place of business at 3255-4 Scott Blvd., Suite 101, Santa Clara, CA 95054. Huawei Technologies Co., Ltd. and Huawei America, Inc. will be referred to herein individually and collectively as the "Huawei Defendants."

21. On information and belief, Lenovo Group, Ltd. is a Chinese company, with a principal place of business at No. 6 Chuang Ye Road, Shangdi Information Industry Base, Haidan District, Beijing, China 100085. Lenovo Holding Company, Inc., on information and belief, is a wholly owned subsidiary of Lenovo Group Limited and is a corporation organized and existing under the laws of the Delaware, with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. On information and belief, Lenovo (United States), Inc. is a wholly owned subsidiary of Lenovo Group Ltd., and is organized and existing under the laws of Delaware, with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. Lenovo Group, Ltd., Lenovo

Holding Company, Inc. and Lenovo (United States), Inc. will be referred to herein individually and collectively as the "Lenovo Defendants."

22.   On information and belief, Lexmark International, Inc. ("Lexmark") is a corporation organized and existing under the laws of Delaware, with a principal place of business at One Lexmark Centre Drive, 740 West New Circle Road, Lexington, Kentucky 40550.

23.   On information and belief, Motorola Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196.

24.   On information and belief, Netgear, Inc. ("Netgear") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 350 East Plumeria Drive, San Jose, California 95134.

25.   On information and belief, Nintendo Company, Ltd. is a Japanese company, with a principal place of business at 11-1 Kamitoba Hokotatecho, Minami-ku, Kyoto, 601-8501, Japan.  On information and belief, Nintendo of America, Inc., is a wholly owned subsidiary of Nintendo Company, Ltd., and is organized under the laws of Washington, with a principal place of business at 4820 150th Avenue N.E., Redmond, Washington 98052.  Nintendo Company, Ltd. and Nintendo of America, Inc. will be referred to herein individually and collectively as the "Nintendo Defendants."

26.   On information and belief, Nokia Corporation is a Finnish corporation with a principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.  On information and belief, Nokia, Inc. is a wholly owned subsidiary of Nokia Corporation, and is organized and existing under the laws of Delaware, with a principal place of business at 6000 Connection Drive, Irving, Texas 75039.  Nokia Corporation and Nokia, Inc. will be referred to herein individually and jointly as the "Nokia Defendants."

27.  On information and belief, Novatel Wireless, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121.  Novatel Wireless Solutions, Inc., on information and belief, is a wholly owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of Delaware, with a principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121. Novatel Wireless Technology, Inc., on information and belief, is a wholly owned subsidiary of Novatel Wireless, Inc. and is a corporation organized and existing under the laws of Delaware, with a principal place of business at 9645 Scranton Road, Suite 205, San Diego, California 92121.  Novatel Wireless, Inc., Novatel Wireless Solutions, Inc., and Novatel Wireless Technology, Inc. will be referred to herein individually and collectively as the "Novatel Defendants."

28.  On information and belief, Option NV is a Belgium corporation, with a principal place of business at Gaston Geenslan 14, 3001 Leuven, Belgium.  Option, Inc., on information and belief, is a wholly owned subsidiary of Option NV, and is a corporation organized and existing under the laws of Delaware, with a principal place of business at 13010 Morris Road, 6th Floor, Building 1, Alpharetta, Georgia 30004.  Option Wireless USA, Inc., on information and belief, is a wholly owned subsidiary of Option NV and is an incorporation organized and existing under the laws of Delaware, with a principal place of business at 13010 Morris Road, 6th Floor, Building 1, Alpharetta, Georgia 30004.  Option NV, Option, Inc., and Option Wireless USA, Inc. will be referred to herein individually and collectively as the "Option Defendants."

29.  On information and belief, Palm, Inc. ("Palm") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 950 W. Maude Avenue, Sunnyvale, California 94085.

30.  On information and belief, Panasonic Corporation is a Japanese company, with a principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501,

Japan.  Panasonic Corporation of North America, on information and belief, is a wholly owned subsidiary of Panasonic Corporation, and is organized and existing under the laws of Delaware, with a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094.  On further information and belief, Panasonic Consumer Electronics Company is a wholly owned subsidiary of Panasonic Corporation, and is a company organized and existing under the laws of Delaware, with a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094.  Panasonic Electronic Devices Corporation of America, on information and belief, is a wholly owned subsidiary of Panasonic Corporation, and is a company organized and existing under the laws of Delaware, with a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094.  Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, and Panasonic Electronic Devices Corporation of America will be referred to herein individually and collectively as the "Panasonic Defendants."

31.   On information and belief, Seiko Epson Corporation is a Japanese company with a principal place of business at 3-3-5 Owa, Suwa, Nagano 392-8502, Japan.  On information and belief, Epson America, Inc. and U.S. Epson, Inc. are wholly owned subsidiaries of Seiko Epson Corporation, and are organized under the laws of California, with their principal places of business at 3840 Kilroy Airport Way, Long Beach, California 90806.  Seiko Epson Corporation, U.S. Epson, Inc., and Epson America, Inc. will be referred to herein individually and collectively as the "Epson Defendants."

32.   On information and belief, Sharp Corporation is a Japanese corporation with a principal place of business at 22-22 Nagaike-Cho, Abeno-Ku, Osaka 545-8522, Japan.  On information and belief, Sharp Electronics Corporation is a wholly owned subsidiary of Sharp Corporation, and is organized and existing under the laws of New York, with a principal place of business at Sharp Plaza, Mahwah, New Jersey 07495.  Sharp

Corporation and Sharp Electronics Corporation will be referred to herein individually and collectively as the "Sharp Defendants."

33.    On information and belief, Sierra Wireless, Inc. is a Canadian corporation, with a principal place of business at 13811 Wireless Way, Richmond BC Canada V6V 3A4.  Sierra Wireless America, Inc., on information and belief, is a wholly owned subsidiary of Sierra Wireless, Inc., and is incorporated under the laws of Delaware, with a principal place of business at 2290 Cosmos Ct., Carlsbad, CA 92011.  Sierra Wireless, Inc. and Sierra Wireless America, Inc. will be referred to herein individually and collectively as the "Sierra Wireless Defendants."

34.    On information and belief, Sony Corporation is a Japanese corporation with a principal place of business at 1-7-1 Konan, Minato-Ku, Tokyo, Japan.  On information and belief, Sony Corporation of America is a wholly owned subsidiary of Sony Corporation, and is organized and existing under the laws of New York, with a principal place of business at 550 Madison Avenue, 27th Floor, New York, New York 10022.  On information and belief, Sony Electronics Inc. is a wholly owned subsidiary of Sony Corporation of America, and is organized and existing under the laws of Delaware, with a principal place of business at 16530 Via Esprillo, San Diego, California 92127.  Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. will be referred to herein individually and collectively as the "Sony Defendants."

35.    On information and belief, Sony Ericsson Mobile Communications AB is a Swedish corporation, with a principal place of business at 202 Hammersmith Rd., London W6 7DN, United Kingdom.  On information and belief, Sony Ericsson Mobile Communications (USA), Inc. is a wholly owned subsidiary of Sony Ericsson Mobile Communications AB, and is organized and existing under the laws of Delaware, with a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.  Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile

Communications (USA), Inc. will be referred to herein individually and collectively as the "Sony Ericsson Defendants."

36.    On information and belief, Toshiba Corporation is a Japanese corporation, with a principal place of business at 1-6 Uchisaiwaicho 1–Chome Chiyoda-Ku, Tokyo 105-8001, Japan.  On information and belief, Toshiba America, Inc. is a wholly owned subsidiary of Toshiba Corporation, and is organized and existing under the laws of Delaware, with a principal place of business at 1251 Avenue of the Americas, New York, New York 10020.  On further information and belief, Toshiba America Information Systems, Inc. is a wholly owned subsidiary of Toshiba America, Inc., and is a corporation organized and existing under the laws of California, with a principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.  Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. will be referred to herein individually and collectively as the "Toshiba Defendants."

37.    On information and belief, UTStarCom, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502.  UTStarCom Personal Communications LLC, on information and belief, is a wholly owned subsidiary of UTStarCom, Inc., and is a limited liability company organized under the laws of Delaware, with a principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502.  UTStarCom, Inc. and UTStarCom Personal Communications LLC will be referred to herein individually and collectively as the "UTStarCom Defendants."

38.    On information and belief, Xerox Corporation ("Xerox") is a corporation organized and existing under the laws of New York, with a principal place of business at 45 Glover Avenue, Norwalk, Connecticut 06856.

39.    On information and belief, ZTE Corporation is a Chinese corporation, with a principal place of business at ZTE Plaza, Hi-Tech Road South, Hi-Tech Industrial Park, Nanshan District, Shenzen, China 518057.  ZTE (USA) Inc., on information and belief, is

a wholly owned subsidiary of ZTE Corporation, and is incorporated under the laws of New Jersey, with a principal place of business at 33 Wood Avenue South, Iselin, NJ 08830. ZTE Corporation and ZTE (USA) Inc. will be referred to herein individually and collectively as the "ZTE Defendants."

## JURISDICTION AND VENUE

40. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. because Defendants each have committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

41. Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

42. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) a portion of the infringements alleged herein, including using, selling, and offering to sell products, methods, and systems that infringe the claims of the '497 Patent and '338 Patent; (ii) the presence of established distribution channels for Defendants' products in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District.

## COUNT I

## INFRINGEMENT OF THE '497 PATENT

43. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 42 above, and further alleges as follows:

44. The United States Patent and Trademark Office issued the '497 Patent on November 12, 2002. A true and correct copy of the text of the '497 Patent is attached to this Complaint as Exhibit A. Plaintiff WIAV is the owner of the '497 Patent.

45. Without a license or permission from Plaintiff, Defendant 3Com infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MSR series of wireless routers (e.g., MSR 20-15). 3Com's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, 3Com's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

46. Without a license or permission from Plaintiff, the Acer Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the TravelMate, Aspire, Extensa and Aspire One series of notebooks and netbooks (e.g., TravelMate 6593, Aspire 8930, Extensa 5635, and Aspire One 751h), and the C, LT, M, MC, MD, ML, MT, MX, NV, P, and T series of notebooks and netbooks under the Gateway brand. The Acer Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Acer Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

47. Without a license or permission from Plaintiff, Defendant Apple infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Macbook, MacBook Pro, and MacBook Air series, and wireless communications devices, such as the iPhone 3G and iPhone 3G S series. Apple's infringement of the '497 Patent has caused substantial damage to Plaintiff. On

information and belief, Apple's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

48. Without a license or permission from Plaintiff, the ASUS Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as their various notebook series which are designated by letter and number combinations (e.g., A6Km, ASUS-Lamborghini VX1, B50A, C90, F3E, G1, K401J, M50Sv, N10E, R1E, S6F, U1E, V1Jp, W2Jb, X71SL, Z33A, and L50Vn). The ASUS Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the ASUS Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

49. Without a license or permission from Plaintiff, the Belkin Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as wireless desktop and notebook cards, wireless USB adapters, wireless routers (e.g., Wireless G Router, Wireless G+ MIMO Router, Wireless G+ MIMO USB Network Adapter, and Wireless G+ MIMO Notebook Card). The Belkin Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Belkin Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

50. Without a license or permission from Plaintiff, the Brother Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the HL, MFC and DCP series of printer and multifunction products (e.g., HL-4070CDW, MFC-255CW, and DCP-585CW). The Brother Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff.

On information and belief, the Brother Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

51. Without a license or permission from Plaintiff, Defendant Buffalo Tech infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the Nfiniti™ Wireless-N, Nfiniti™ Wireless-N Dual-Band, and Wireless-G High Power series of routers. Buffalo Tech's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Buffalo Tech's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

52. Without a license or permission from Plaintiff, the Canon Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the PIXMA series of printer and multifunction products (e.g., PIXMA MX860). The Canon Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Canon Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

53. Without a license or permission from Plaintiff, the Cisco Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the WRT and WAP series of routers (e.g., WRT120N and WAP54G). The Cisco Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Cisco Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

54. Without a license or permission from Plaintiff, Defendant Dell infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Mini, Inspiron, Studio, XPS, Alienware, Latitude, Vostro, Adamo, and Precision series of laptops, netbooks, and mobile workstations (e.g., Mini 12, Inspiron 15, XPS M1330, Studio 15, Vostro A90, Latitude E5400, Alienware M17x, and Precision M2400). Dell's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Dell's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

55. Without a license or permission from Plaintiff, the D-Link Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the DIR, DAP, DGL, and WBR series of routers (e.g., DIR-600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router). The D-Link Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the D-Link Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

56. Without a license or permission from Plaintiff, the Epson Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging devices, such as the Artisan, Workforce, and Stylus NX series of printer and multifunction products (e.g., Artisan 700, WorkForce 600, and Stylus NX515). The Epson Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Epson Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

57.   Without a license or permission from Plaintiff, Defendant Franklin infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the CXR-100 router.  Franklin's infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, Franklin's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

58.   Without a license or permission from Plaintiff, the Fujitsu Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Lifebook series of notebooks and tablet PCs (e.g., Lifebook S7220, T1010, M2010, and U820).  The Fujitsu Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, the Fujitsu Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

59.   Without a license or permission from Plaintiff, Defendant General Dynamics infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the GD, GoBook and Duo-Touch series of notebooks and tablet PCs (e.g., Duo-Touch, Duo-Touch II, GoBook XR-1, GoBook VR-2, GoBook MR-1, GoBook Q200, GD600, GD8000, and GoBook III).  General Dynamics' infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, General Dynamics' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

60.   Without a license or permission from Plaintiff, the HP Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer devices, such

as the Pavillion, HDX, TouchSmart, EliteBook, ProBook, Compaq, Compaq Presario, and Mini series of laptops, notebook PCs, and tablet PCs (e.g., Mini 110 XP, Compaq Presario CQ60Z, G60t, Pavilion dv6z, HDX 16t Premium, and TouchSmart tx2z). The HP Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the HP Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

61. Without a license or permission from Plaintiff, the Huawei Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the HG, MT, and BM series of routers (e.g., HG520s, HG522, HG527a and MT841, BM635, BM625, BM325). The Huawei Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Huawei Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

62. Without a license or permission from Plaintiff, the Lenovo Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the IdeaPad, ThinkPad, and Value Line G series of laptops, netbooks, and tablets (e.g., IdeaPad S10, the ThinkPad R500, and Value Line G530). The Lenovo Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Lenovo Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

63. Without a license or permission from Plaintiff, Defendant Lexmark infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the Z, X, C and E series of printer and multifunction products (e.g., Z2420, X3385, C544DW, and E460DW). Lexmark's infringement of the '497 Patent has caused

substantial damage to Plaintiff. On information and belief, Lexmark's of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

64. Without a license or permission from Plaintiff, Defendant Motorola infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the MotoZine ZN5. Motorola's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Motorola's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

65. Without a license or permission from Plaintiff, Defendant Netgear infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MBR, WNR, WNMR, WPN, WGT, WGR, DG, DGN, DGNB, DGB, CG, and RP series of routers and gateways. Netgear's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Netgear's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

66. Without a license or permission from Plaintiff, the Nintendo Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, such as the Wii and DS series of video game consoles and portable video game consoles. The Nintendo Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Nintendo Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

67. Without a license or permission from Plaintiff, the Nokia Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless

communications devices, such as the E and N series (e.g., E66 and N85). The Nokia Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Nokia Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

68. Without a license or permission from Plaintiff, the Novatel Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MiFi series (e.g., MiFi 2200 and MiFi 2352). The Novatel Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Novatel Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

69. Without a license or permission from Plaintiff, the Option Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the Globesurfer series of routers (e.g., Globesurfer III and Globesurfer X1). The Option Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Option Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

70. Without a license or permission from Plaintiff, Defendant Palm infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the Prē, Centro, and the Trēo Pro. Palm's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Palm's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

71.    Without a license or permission from Plaintiff, the Panasonic Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Toughbook series of mobile computers and laptops (e.g., Toughbook F8, Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook 30, Toughbook U1, and Toughbook H1).  The Panasonic Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, the Panasonic Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

72.    Without a license or permission from Plaintiff, the Sharp Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Actius and Widenote series of notebooks.  Sharp's infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, Sharp's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

73.    Without a license or permission from Plaintiff, the Sierra Wireless Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the AirLink series of modems and routers (e.g., Airlink MP 595W, Airlink MP 880W, Airlink MP 881W, Airlink Helix RT, and Airlink Junxion Box).  The Sierra Wireless Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff.  On information and belief, the Sierra Wireless Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

74.    Without a license or permission from Plaintiff, the Sony Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling

products and devices which embody the patented invention, including portable computer products, such as the VAIO series of notebooks (e.g., VAIO P, Π, Z, SR, CS, NW, FW, and AW series) and the PlayStation® Portable game consoles, also known as PSP. The Sony Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Sony Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

75. Without a license or permission from Plaintiff, the Sony Ericsson Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the XPERIA™ X1, and the W and C series (e.g., W995a and C905a). The Sony Ericsson Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Sony Ericsson Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

76. Without a license or permission from Plaintiff, the Toshiba Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer devices, such as the Satellite, Satellite Pro, Tecra, Qosmio, Protégé, and "mini" series of laptops (e.g., Satellite U500, Satellite Pro U400, Tecra M10, Qosmio X305, Protégé A600, and mini NB205). The Toshiba Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the Toshiba Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

77. Without a license or permission from Plaintiff, the UTStarCom Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless

communications devices, such as the F1000G and F3000. The UTStarCom Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the UTStarCom Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

78. Without a license or permission from Plaintiff, Defendant Xerox infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the Phaser series of printer and multifunction products (e.g., Phaser 6130). Xerox's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Xerox's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

79. Without a license or permission from Plaintiff, the ZTE Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the ZXV10 series of routers (e.g., ZXV10 H108N, ZXV10 H211, ZXV10 H201, ZXV10 H260, ZXV10 I20X, ZXV10 W300B, and ZXV10 H108N). The ZTE Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the ZTE Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

## COUNT II

## INFRINGEMENT OF THE '338 PATENT

80. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 79 above, and further allege as follows:

81. The United States Patent and Trademark Office issued the '338 Patent on March 21, 1995. A true and correct copy of the text of the '338 Patent is attached to this Complaint as Exhibit B. Plaintiff WIAV is the owner of the '338 Patent.

82. The United States Patent and Trademark Office issued the '338 Patent on November 12, 2002. A true and correct copy of the text of the '338 Patent is attached to this Complaint as Exhibit A. Plaintiff WIAV is the owner of the '338 Patent.

83. Without a license or permission from Plaintiff, Defendant 3Com infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MSR series of wireless routers (e.g., MSR 20-15). 3Com's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, 3Com's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

84. Without a license or permission from Plaintiff, the Acer Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the TravelMate, Aspire, Extensa and Aspire One series of notebooks and netbooks (e.g., TravelMate 6593, Aspire 8930, Extensa 5635, and Aspire One 751h), and the C, LT, M, MC, MD, ML, MT, MX, NV, P, and T series of notebooks and netbooks under the Gateway brand. The Acer Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Acer Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

85. Without a license or permission from Plaintiff, Defendant Apple infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Macbook, MacBook Pro, and MacBook Air series, and wireless communications devices, such as the iPhone 3G and iPhone 3G S series. Apple's infringement of the '338 Patent has caused substantial damage to Plaintiff. On

information and belief, Apple's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

86. Without a license or permission from Plaintiff, the ASUS Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as their various notebook series which are designated by letter and number combinations (e.g., A6Km, ASUS-Lamborghini VX1, B50A, C90, F3E, G1, K401J, M50Sv, N10E, R1E, S6F, U1E, V1Jp, W2Jb, X71SL, Z33A, and L50Vn). The ASUS Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the ASUS Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

87. Without a license or permission from Plaintiff, the Belkin Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as wireless desktop and notebook cards, wireless USB adapters, wireless routers (e.g., Wireless G Router, Wireless G+ MIMO Router, Wireless G+ MIMO USB Network Adapter, and Wireless G+ MIMO Notebook Card). The Belkin Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Belkin Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

88. Without a license or permission from Plaintiff, the Brother Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the HL, MFC and DCP series of printer and multifunction products (e.g., HL-4070CDW, MFC-255CW, and DCP-585CW). The Brother Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff.

On information and belief, the Brother Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

89.   Without a license or permission from Plaintiff, Defendant Buffalo Tech infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the Nfiniti™ Wireless-N, Nfiniti™ Wireless-N Dual-Band, and Wireless-G High Power series of routers.  Buffalo Tech's infringement of the '338 Patent has caused substantial damage to Plaintiff.  On information and belief, Buffalo Tech's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

90.   Without a license or permission from Plaintiff, the Canon Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the PIXMA series of printer and multifunction products (e.g., PIXMA MX860).  The Canon Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff.  On information and belief, the Canon Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

91.   Without a license or permission from Plaintiff, the Cisco Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the WRT and WAP series of routers (e.g., WRT120N and WAP54G).  The Cisco Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff.  On information and belief, the Cisco Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

92.    Without a license or permission from Plaintiff, Defendant Dell infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Mini, Inspiron, Studio, XPS, Alienware, Latitude, Vostro, Adamo, and Precision series of laptops, netbooks, and mobile workstations (e.g., Mini 12, Inspiron 15, XPS M1330, Studio 15, Vostro A90, Latitude E5400, Alienware M17x, and Precision M2400). Dell's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Dell's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

93.    Without a license or permission from Plaintiff, the D-Link Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the DIR, DAP, DGL, and WBR series of routers (e.g., DIR-600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router). The D-Link Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the D-Link Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

94.    Without a license or permission from Plaintiff, the Epson Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging devices, such as the Artisan, Workforce, and Stylus NX series of printer and multifunction products (e.g., Artisan 700, WorkForce 600, and Stylus NX515). The Epson Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Epson Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

95. Without a license or permission from Plaintiff, Defendant Franklin infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the CXR-100 router. Franklin's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Franklin's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

96. Without a license or permission from Plaintiff, the Fujitsu Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Lifebook series of notebooks and tablet PCs (e.g., Lifebook S7220, T1010, M2010, and U820). The Fujitsu Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Fujitsu Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

97. Without a license or permission from Plaintiff, Defendant General Dynamics infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the GD, GoBook and Duo-Touch series of notebooks and tablet PCs (e.g., Duo-Touch, Duo-Touch II, GoBook XR-1, GoBook VR-2, GoBook MR-1, GoBook Q200, GD600, GD8000, and GoBook III). General Dynamics' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, General Dynamics' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

98. Without a license or permission from Plaintiff, the HP Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer devices, such

as the Pavillion, HDX, TouchSmart, EliteBook, ProBook, Compaq, Compaq Presario, and Mini series of laptops, notebook PCs, and tablet PCs (e.g., Mini 110 XP, Compaq Presario CQ60Z, G60t, Pavilion dv6z, HDX 16t Premium, and TouchSmart tx2z). The HP Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the HP Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

99. Without a license or permission from Plaintiff, the Huawei Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the HG, MT, and BM series of routers (e.g., HG520s, HG522, HG527a and MT841, BM635, BM625, BM325). The Huawei Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Huawei Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

100. Without a license or permission from Plaintiff, the Lenovo Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the IdeaPad, ThinkPad, and Value Line G series of laptops, netbooks, and tablets (e.g., IdeaPad S10, the ThinkPad R500, and Value Line G530). The Lenovo Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Lenovo Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

101. Without a license or permission from Plaintiff, Defendant Lexmark infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the Z, X, C and E series of printer and multifunction products (e.g., Z2420, X3385, C544DW, and E460DW). Lexmark's infringement of the '338 Patent has caused

substantial damage to Plaintiff. On information and belief, Lexmark's of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

102. Without a license or permission from Plaintiff, Defendant Motorola infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the MotoZine ZN5. Motorola's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Motorola's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

103. Without a license or permission from Plaintiff, Defendant Netgear infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MBR, WNR, WNMR, WPN, WGT, WGR, DG, DGN, DGNB, DGB, CG, and RP series of routers and gateways. Netgear's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Netgear's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

104. Without a license or permission from Plaintiff, the Nintendo Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, such as the Wii and DS series of video game consoles and portable video game consoles. The Nintendo Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Nintendo Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

105. Without a license or permission from Plaintiff, the Nokia Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless

communications devices, such as the E and N series (e.g., E66 and N85). The Nokia Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Nokia Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

106. Without a license or permission from Plaintiff, the Novatel Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the MiFi series (e.g., MiFi 2200 and MiFi 2352). The Novatel Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Novatel Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

107. Without a license or permission from Plaintiff, the Option Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the Globesurfer series of routers (e.g., Globesurfer III and Globesurfer X1). The Option Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Option Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

108. Without a license or permission from Plaintiff, Defendant Palm infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the Prē, Centro, and the Trēo Pro. Palm's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Palm's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

109. Without a license or permission from Plaintiff, the Panasonic Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Toughbook series of mobile computers and laptops (e.g., Toughbook F8, Toughbook T8, Toughbook W8, Toughbook 52, Toughbook 74, Toughbook 19, Toughbook 30, Toughbook U1, and Toughbook H1). The Panasonic Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Panasonic Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

110. Without a license or permission from Plaintiff, the Sharp Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer products, such as the Actius and Widenote series of notebooks. Sharp's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Sharp's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

111. Without a license or permission from Plaintiff, the Sierra Wireless Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the AirLink series of modems and routers (e.g., Airlink MP 595W, Airlink MP 880W, Airlink MP 881W, Airlink Helix RT, and Airlink Junxion Box). The Sierra Wireless Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Sierra Wireless Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

112. Without a license or permission from Plaintiff, the Sony Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling

products and devices which embody the patented invention, including portable computer products, such as the VAIO series of notebooks (e.g., VAIO P, Π, Z, SR, CS, NW, FW, and AW series) and the PlayStation® Portable game consoles, also known as PSP. The Sony Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Sony Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

113. Without a license or permission from Plaintiff, the Sony Ericsson Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless communications devices, such as the XPERIA™ X1, and the W and C series (e.g., W995a and C905a). The Sony Ericsson Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Sony Ericsson Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

114. Without a license or permission from Plaintiff, the Toshiba Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including portable computer devices, such as the Satellite, Satellite Pro, Tecra, Qosmio, Protégé, and "mini" series of laptops (e.g., Satellite U500, Satellite Pro U400, Tecra M10, Qosmio X305, Protégé A600, and mini NB205). The Toshiba Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the Toshiba Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

115. Without a license or permission from Plaintiff, the UTStarCom Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless

communications devices, such as the F1000G and F3000. The UTStarCom Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the UTStarCom Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

116. Without a license or permission from Plaintiff, Defendant Xerox infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including printing and imaging products, such as the Phaser series of printer and multifunction products (e.g., Phaser 6130). Xerox's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Xerox's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

117. Without a license or permission from Plaintiff, the ZTE Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the ZXV10 series of routers (e.g., ZXV10 H108N, ZXV10 H211, ZXV10 H201, ZXV10 H260, ZXV10 I20X, ZXV10 W300B, and ZXV10 H108N). The ZTE Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the ZTE Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    For a judgment declaring that each Defendant infringed at least one claim of the '497 Patent.

B.    For a judgment awarding Plaintiff compensatory damages as a result of each Defendant's infringement of the '497 Patent, together with interest and costs, and in no event less than a reasonable royalty.

C.     For a judgment declaring that each Defendant's infringement of the '497 Patent has been willful and deliberate.

D.     For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendant's willful and deliberate infringement of the '497 Patent.

E.     For a judgment declaring that each Defendant infringed at least one claim of the '338 Patent.

F.     For a judgment awarding Plaintiff compensatory damages as a result of each Defendant's infringement of the '338 Patent, together with interest and costs, and in no event less than a reasonable royalty.

G.     For a judgment declaring that each Defendant's infringement of the '338 Patent has been willful and deliberate.

H.     For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendant's willful and deliberate infringement of the '338 Patent.

I.     For a judgment declaring that this case is exceptional as to each Defendant and awarding Plaintiff its expenses, costs, and attorneys fees under 35 U.S.C. § 285.

J.     For a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement.

K.     For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: July 7, 2009

Respectfully submitted,


/s/ Erica J. Pruetz
_____

Adrian M. Pruetz
Erica J. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, California 90245
(T) (310) 765-7650
(F) (310) 765-7641


Tae H. Kim
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
(T) (415) 830-9462
(F) (415) 762-4191

Kevin Mun
ECHELON LAW GROUP, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
(T) (703) 496-5000
(F) (703) 579-0105


*Attorneys for Plaintiff WIAV Networks, LLC*