IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WIAV NETWORKS, LLC, a Virginia limited liability company,<br><br>        Plaintiff<br><br>v.<br><br>3COM CORPORATION, a Delaware company, et al.,<br><br>        Defendants. | Civil Action No. 5:09-cv-00101 |

**PLAINTIFF WIAV NETWORKS, LLC'S OPPOSITION
TO DEFENDANT D-LINK'S MOTION TO DISMISS**

Plaintiff WiAV Networks, LLC ("WiAV") hereby opposes D-Link Systems, Inc.'s ("D-Link") Motion to Dismiss ("D-Link's Motion"), in which D-Link asserts that WiAV's Amended Complaint fails to state a claim upon which relief can be granted.

## I. INTRODUCTION

On October 15, 2009, all of the defendants whose answers were due timely filed their answers to WiAV's Amended Complaint – all except one, defendant D-Link.[1] Unlike these other answering defendants, D-Link insists that WiAV's claims of patent infringement are so vague that no one could possibly respond meaningfully. According to D-Link, the identification and inclusion of the asserted patents, identification of each infringing D-Link entity, identification of the particular acts of infringement by these D-Link entities, and identification of D-Link's accused products with reference to specific examples, by model name or number, is just not enough. D-Link would have this Court impose an unprecedented requirement on

---

[1] Twenty-one defendants answered on October 15, 2009 and two defendants answered on October 26th. Technically, D-Link's motion was filed on October 15, 2009 after 5:00 p.m. and therefore deemed served on October 16, 2009.

**WiAV's Opposition to
D-Link's Motion to Dismiss**

WiAV's Amended Complaint – plead the level of detail that is reserved for infringement contentions under Local Patent Rules and proof at a later stage in the proceedings.[2]

However, D-Link's own arguments belie its very motion. D-Link understands enough to propose its desired (albeit incorrect) construction of the asserted patents and to assert its theory of non-infringement based on that interpretation. In fact, for every supposedly vague allegation of infringement, D-Link manages to make a number of assertions (albeit unsupported) of alleged fact in its defense. WiAV submits that this motion to dismiss is not the proper vehicle to litigate D-Link's ultimate non-infringement theories – that happens later, after discovery, after claim construction, and in front of a jury.

Even if D-Link genuinely does not understand WiAV's Amended Complaint, the Federal pleading standard is not subjective and does not vary based on the sophistication of the defendant. Thus, D-Link's subjective misunderstanding of the claims against it is not a proper basis to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(6) and this motion cannot be granted just because D-Link does not believe that it infringes. As WiAV's Amended Complaint is more than adequately pled in accordance with Rule 8(a) and provides ample notice as to the asserted claim, D-Link's motion to dismiss should be denied.

## II. WIAV'S AMENDED COMPLAINT

WiAV's Amended Complaint is somewhat unusual for a patent case in that it

---

[2] Both D-Link and D-Link Corporation ("D-Link Corp"), which D-Link admits to be D-Link's parent, stand accused of infringement. Only D-Link had an answer deadline on Oct. 15, 2009. WiAV previously offered to extend the answer deadline of both D-Link defendants to Dec. 3, 2009, if D-Link Corp would agree to its counsel accepting service on its behalf, to save the parties and the Court the expense and delay of foreign service of process. While many other defendant groups accepted this offer, the D-Link defendants refused. Now D-Link alone comes to present this motion. Since the arguments presented on this motion could have equally been raised by D-Link Corp, the Court should deem the disposition of this motion, on the grounds presented, as binding on D-Link Corp. Otherwise, WiAV's Amended Complaint may be subjected to repeated attacks on the same bases by the D-Link defendant group.

contains a high level of detail not typically found in patent infringement pleadings. Accordingly, D-Link does not actually question the sufficiency of most of the specific operative pleading paragraphs.[3] Instead, D-Link selectively highlights only certain terms, from an incomplete citation of only some of the operative pleading paragraphs from the Amended Complaint.[4]

Viewed in its entirety, WiAV's Amended Complaint provides detailed allegations. For example, Count I alleges as follows:

> 54. Without a license or permission from Plaintiff, the D-Link Defendants infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the DIR, DAP, DGL, and WBR series of routers (e.g., DIR-600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router). The D-Link Defendants' infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, the D-Link Defendants' infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

Count II alleges as follows:

> 90. Without a license or permission from Plaintiff, the D-Link Defendants infringed the '338 Patent by importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the DIR, DAP, DGL, and WBR series of routers (e.g., DIR- 600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router). The D-Link Defendants' infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, the D-Link Defendants' infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

---

[3] For example, D-Link does not challenge the sufficiency of WiAV's pleadings on (i) the asserted patents, (ii) WiAV's ownership thereof, (iii) the D-Link defendants, (iv) the basis for jurisdiction and venue, or (v) the prayer for relief. Thus, on this motion, D-Link has conceded that the Amended Complaint satisfies Rule 8 as to these items.

[4] Although D-Link recognizes that WiAV's Amended Complaint is lengthy, it does not cite all of the operative paragraphs: the Nature of the Action against D-Link is pled in Paragraphs 1-3; the Parties are identified in Paragraphs 4 and 15; jurisdiction and venue are pled in Paragraphs 39-41; Count I, D-Link's Infringement of the '497 Patent, is pled in Paragraphs 42, 43, and 54; Count II, D-Link's Infringement of the '338 Patent, is pled in Paragraphs 78, 79, and 90; and finally, WiAV's Prayer for Relief against D-Link are set out in items A-K. Together, these paragraphs make up the full set of pleadings against D-Link.

WiAV's Opposition to            Page 3
D-Link's Motion to Dismiss

As these paragraphs show, WiAV clearly identifies the accused activities as including "importing, making, using, offering to sell, and/or selling." WiAV also clearly identifies the accused products. They include various "wireless networking devices," which "embody the patented invention." In fact, WiAV goes even further and provides D-Link with specific examples of the types and kinds of devices that are accused of infringement, identifying them by model name or number: "DIR, DAP, DGL, and WBR series of routers (e.g., DIR- 600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router)."[5] In addition, WiAV provides clear allegations that D-Link's infringement of the asserted patents is knowing and willful.

### III. WIAV'S AMENDED COMPLAINT IS MORE THAN ADEQUATE UNDER THE APPLICABLE PLEADING REQUIREMENTS

D-Link's motion is fundamentally flawed for at least two reasons. First, D-Link's motion rests on an erroneous application of the relevant legal standard for pleadings under Rule 8. Second, D-Link also improperly injects claim construction issues and non-infringement theories, rather than taking as true the allegations in the Amended Complaint. D-Link's proffered arguments are procedurally improper, unsupported, and just plain wrong.

#### A. The Pleading Standard under Rule 8(a) and *Ashcroft v. Iqbal*

Under Rule 8(a), a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim; and (3) a demand for the relief sought.[6] As to the short and plain statement of the claim, the

---

[5] D-Link does not deny that it imports, manufactures, uses, offers to sell, and/or sells wireless network devices and products, including at least the DIR, DAP, DGL, and WBR series of routers. Moreover, D-Link does not deny that D-Link Corp controls, directs or is involved in similar activity.
[6] Since D-Link does not challenge the sufficiency of the amended complaint on requirements (1) and (3), D-Link has conceded that WiAV's Amended Complaint fully satisfies these requirements.

WiAV's Opposition to                              Page 4
D-Link's Motion to Dismiss

Supreme Court recently affirmed that "the pleading standard *Rule 8* announces does not require detailed factual allegations," but need only contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" that has "facial plausibility." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).[7] However, this "plausibility standard is not akin to a 'probability' requirement." *Id.*; *see Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*, No. 08-873, 2009 U.S. Dist. LEXIS 73227, at *8 (D. Del. Aug. 19, 2009) ("This 'does not impose a probability requirement at the pleading stage'....") (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)). Thus, under this relatively low threshold, the "issue is not whether the plaintiff will ultimately prevail, but whether [plaintiff] is entitled to offer evidence to support his claim." *Ola, LLC v. Builder Homesite, Inc.*, No. 2:08-cv-324, 2009 U.S. Dist. LEXIS 89766, at *9 (E.D. Tex. Sept. 29, 2009) (quoting from *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999), *aff'd*, 253 F. 3d 702 (5th Cir. 2001).

Moreover, the Supreme Court affirmed that, except for legal conclusions, "a court must accept as true all of the allegations contained in a complaint," *Iqbal* at 1949; *Ola* at *8, and "view them in the light most favorable to the plaintiff," *Texas Advanced Optoelectronic Solutions v. Intersil*, No. 4:08-cv-451, 2009 U.S. Dist. LEXIS 88476, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Baker v. Putnal*, 75 F. 3d 190, 196 (5th Cir. 1996)). Finally, "[i]n the Fifth Circuit, motions to dismiss under *Rule 12(b)(6)* are viewed with

---

[7] Contrary to D-Link's creative reading, the decision in *Iqbal* does not create a "new" standard or "overturn" what has always been required from *Conley v. Gibson*, 355 U.S. 41 (1957) through *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). *See e.g.*, *Deleon v. Time Warner Cable, LLC*, No. 09-cv-2438, 2009 U.S. Dist. LEXIS 74345, at *4 (C.D. Cal. July 17, 2009) ("What Plaintiff calls a 'heightened standard' is not a heightened standard at all. Instead, it is a fundamental statement of the standard that courts should apply when performing *Rule 8* analyses."). Even under *Iqbal*, the fundamental purpose of the Rule 8 pleading standard is to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Conley* at 47. In *Iqbal*, the Supreme Court simply applied the Rule 8 requirements to the specific cause of action asserted in that case, a "Bivens action."

WiAV's Opposition to       Page 5
D-Link's Motion to Dismiss

disfavor and rarely granted." *Ola* at *9 (citing *Lormand v. US Unwired, Inc.*, 565 F. 3d 228, 232 (5th Cir. 2009)).

### B. WiAV's Amended Complaint Provides Detailed Notice of More than Plausible Claims against D-Link.

WiAV's Amended Complaint more than adequately meets the Rule 8 pleading standard. In the Amended Complaint, WiAV pleads much more than a naked assertion of patent infringement and provides substantial factual details. Ironically, D-Link's own arguments on this motion exemplify the conclusory remarks so disfavored by courts. D-Link tries to equate WiAV's pleadings with those dismissed in *Iqbal*. However, to do so, D-Link only refers to Paragraph 2 of the Amended Complaint, which is the opening pleading for the general framework of the complaint. D-Link's Motion at 6.

D-Link never compares or directs the Court to Paragraphs 54 and 90 in the Amended Complaint, which are the specific allegations against D-Link. This omission is fatal to D-Link's Motion. A simple glance at these paragraphs shows that WiAV's allegations are far more than conclusory. WiAV presents detailed allegations of the particular acts of infringement by each of the named D-Link entities and the accused products, including their specific model names or numbers, for each of the asserted patents. In fact, the level of detailed provided by WiAV is far greater than what is deemed sufficient under Rule 84, Form 18 – which D-Link does not deny. Moreover, WiAV levels specific allegations of deliberate infringement by D-Link. Thus, if D-Link imported, manufactured, used, offered to sell or sold products and devices embodying the patented invention as alleged, and did so without license or permission, then D-Link is more than plausibly liable for patent infringement.

Tellingly, D-Link does not argue that WiAV's pleadings fail to state the accused acts or the accused products. Moreover, D-Link does not deny that the alleged infringing acts or products, if taken as true, are sufficient to create a "reasonable inference that [D-Link] is liable for the misconduct alleged." *Iqbal* at 1940. Rather, D-Link asks this

Court to decide, on a motion to dismiss brought prior to claim construction and discovery, whether or not D-Link infringes by comparing D-Link's unsupported, untested factual assertions against the allegations in the Amended Complaint. By doing so, D-Link demands that this Court accept its bald conclusion that, under *its* claim construction, the accused products do not infringe and therefore require WiAV to have plead an unprecedented level of factual detail in a complaint – the very "detailed factual allegations" that the Supreme Court held as contrary to the purpose of Rule 8.

This temptation to prematurely litigate on the pleadings is precisely why motions to dismiss under Rule 12(b)(6) are so disfavored. Ironically, in taking such an extreme position, D-Link effectively concedes that WiAV's Amended Complaint does state a claim, that D-Link understands that claim, and that D-Link believes that it has a defense to that claim. Therefore, under Rule 8, the decision in *Iqbal*, and D-Link's own submission, WiAV's detailed allegations provide more than adequate notice of plausible, non-speculative patent infringement claims and raise more than a reasonable inference that D-Link could be liable for infringement.

### C. Post-*Iqbal* Cases Overwhelmingly Hold Against the Extreme Result D-Link Demands of this Court.

Perhaps the most telling evidence that D-Link's position lacks merit (or even plausibility) is that not a single court since *Iqbal* has found patent infringement pleadings with the level of detail provided in WiAV's Amended Complaint to be insufficient.[8] This

---

[8] After a passing reference to "thousands" of cases citing *Iqbal*, D-Link footnotes a grand total of two (unpublished) decisions, neither of which involved claims of infringement of a utility patent. In *Colida v. Nokia, Inc.*, No. 2009-1326, 2009 U.S. App. LEXIS 21909 (Fed. Cir. Oct. 6, 2009) (design patent case) and *Rozenblat v. Kappos*, No. 2009-1278, 2009 U.S. App. LEXIS 20683 (Fed. Cir. Sept. 16, 2009) (lawsuit against the United States Patent and Trademark Office), the court rightfully dismissed the plaintiffs' complaints because they <u>literally</u> failed to state a claim. The pleading in *Colida* did not follow Form 18 and stated nothing about how the accused phones bore resemblance to the patented design. *Colida* at *5-6. Similarly, in *Rozenblat*, the plaintiff improperly challenged the validity of a patent grant in a lawsuit against the patent office. *Rozenblat* at *4. Thus, neither of these cases speaks to D-Link's "new" interpretation of Rule 8.

lack of legal precedent or support for D-Link's motion underscores a simple point – no one else, courts or defendants, has made the same mistake that D-Link now makes.

Very few courts post-*Iqbal* have entertained a Rule 12(b)(6) motion to dismiss in patent cases. Of those few post-*Iqbal* patent cases, nearly all involved a motion to dismiss claims other than patent infringement claims.[9] That fact is not surprising as the patents themselves provide a wealth of information about the technology they cover and Local Patent Rules are specifically designed to ensure the adequacy of infringement allegations through mandatory patent disclosures. In this district, the sufficiency of patent infringement pleadings have been challenged in only one case, *Ola, LLC v. Builder Homesite, Inc.*, No. 2:08-cv-324, 2009 U.S. Dist. LEXIS 89766 (E.D. Tex. Sept. 29, 2009), which resulted in a <u>denial</u> of the motion to dismiss pleadings almost as detailed as those in WiAV's Amended Complaint.[10]

Though not cited by D-Link, *Ola* is the most immediate and direct precedent for this Court – and dispositive of D-Link's motion. In *Ola*, the defendants moved to dismiss using the same tack now attempted by D-Link. Like D-Link, the defendants in *Ola*

---

[9] For example, in the Fifth Circuit, nearly all of these cases involved trade secrets misappropriation, copyright or trademark infringement, various other torts or contract claims, or defendant counterclaims. *See Adrain v. Genetec, Inc.*, No. 2:08-cv-423, 2009 U.S. Dist. LEXIS 90946, at *1 (E.D. Tex. Sept. 30, 2009) (motion to dismiss inequitable conduct defense and tortuous interference counterclaim); *Texas Advanced Optoelectronics Solution v. Intersil*, No. 4:08-cv-451, 2009 U.S. Dist. LEXIS 88476, at *4 (E.D. Tex. Sept. 25, 2009) (motion to dismiss state law and tort claims); *Tyco Healthcare Group LP v. E-X-EM, Inc.*, No. 2:07-cv-262, 2009 U.S. Dist. LEXIS 85104 (E.D. Tex. Sept. 17, 2009) (motion to dismiss inequitable conduct defense and counterclaim); *Resonant Sensors, Inc. v. SRU Biosystems, Inc.*, No. 3:08-cv-1978, 2009 U.S. Dist. LEXIS 72237 (N.D. Tex. Aug. 14, 2009) (motion to dismiss for lack of standing); and *Tesco Corp. v. Weatherford Int'l, Inc.*, 632 F. Supp.2d 654 (S.D. Tex. 2009) (motion to dismiss based on waiver).
[10] The Southern District of Texas entertained the only other such case in Texas, *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling, Ltd.*, No. H-08-3287, 2009 U.S. Dist. LEXIS 52374 (S.D. Tex. June 22, 2009), in which the court granted a motion to dismiss (with leave to amend). However, *Transocean* presented circumstances very different from the instant motion. In *Transocean*, the plaintiff failed to allege an actual "sale," which was effectively the only viable act of infringement. *Transocean* at *10. As the court noted, a sale presupposes not merely an agreement to sell, but performance of that agreement, without which a claim is not stated. *Id.*

WiAV's Opposition to                           Page 8
D-Link's Motion to Dismiss

argued that, under their construction of the claim limitations (e.g., they are not a builder, building contractor, or third party website provider as recited in the patent claims), they cannot infringe. *Ola* at *11. The court squarely rejected this attempt to inject claim construction issues into a complaint on a motion to dismiss: "These claim terms have not yet been construed, so the court will defer addressing the movants' arguments. The complaint is sufficient to state a claim under *35 U.S.C. §271*, and the motion to dismiss the patent infringement claim is denied."[11] *Id.* As in *Ola*, D-Link's assertion of its ultimate defense in a Rule 12(b)(6) motion to dismiss is simply inappropriate and cannot render insufficient WiAV's well-pled Amended Complaint.

Another instructive case is *Swingless Golf Club Corp. v. Taylor, et al.*, No. C08-cv-05574, 2009 U.S. Dist. LEXIS 57654 (N.D. Cal. July 7, 2009). On factual allegations very similar to the ones in the present case, the court denied the motion to dismiss:

> The complaint identifies the relevant patents, when they were issued, and when they were assigned to plaintiff. Plaintiff also alleges that defendants are making, selling, and offering for sale the "EZee Golf Club," which embodies the intellectual property belonging to plaintiff…. These facts, accepted as true, satisfy the plausibility standard for surviving a motion to dismiss.

*Swingless*, at *7-8. The court pointed out that, for issues relating to the defendant's potential defenses, the surrounding facts "will be readily obtainable during discovery." *Id.* at *9; *see also McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354, 1358 (Fed. Cir. 2007) (holding that "the specifics of how [a] purportedly infringing device works is something to be determined through discovery"). Like the pleadings in *Swingless*, the pleadings in WiAV's Amended Complaint clearly identify the relevant patents and WiAV's ownership thereto, and clearly allege that D-Link is making, selling, and offering for sale

---

[11] The infringement pleadings in *Ola* are similar to, if not less detailed than, those in WiAV's Amended Complaint: Defendants "have infringed and continue to infringe claims 1, 19, 30 and/or other claims of the '455 patent, and claims 1, 19, 26 and/or other claims of the '553 patent by making, using, selling and/or offering to sell *Envision*, as well as any other system that employs the inventions claimed in the '455 and '553 patents." Complaint at ¶280, Dkt. 1, *Ola, LLC v. Builder Homesite, Inc.*, No. 2:08-cv-324 (E.D. Tex. Aug. 20, 2008) (Attached hereto as Exhibit A). "The infringement of the '455 patent and of the '553 patent [by defendants] is and has been willful." *Id.* at ¶284.

specific products "which embody the patented invention." Thus, the pleadings in WiAV's Amended Complaint are "sufficiently detailed for defendants to understand the claims against them and to prepare a response." *Swingless* at *9. For issues of D-Link's defense and the specifics of how D-Link's products work, both parties will have ample opportunity to develop the merits of their case through these proceedings.

D-Link's lone citation of *Elan Microelectronics Corp. v. Apple, Inc.*, No. C09-cv-01531, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) does little to change the weight of precedent against this motion. In fact, the rationale in *Elan* cuts against the fundamental premise of D-Link's Motion. The court in *Elan* affirmed that "a court must accept as sufficient any pleading made in conformance" with Form 18 under Rule 84. *Id.* at *7. By injecting claim construction and non-infringement issues into this motion, D-Link violates the very legal principles espoused in its own caselaw citation.

Moreover, in contrast to *Ola* and *Swingless*, *Elan* involved factual circumstances quite different from the present case. In looking only at the sufficiency of an indirect infringement allegation, the *Elan* court correctly noted that indirect infringement involves the additional element of either knowledge or intent, and therefore this additional element must be pled – a requirement that has always been necessary under Rule 8. *Id.* Unlike WiAV's Amended Complaint, which specifically pleads all of the elements of direct and indirect infringement, the pleadings in *Elan* completely omitted any allegations as to knowledge or intent. First Amended Answer at ¶50, Dkt. 15, *Elan Microelectronics Corp. v. Apple, Inc.*, No. C09-01531 (N.D. Cal. Apr. 7, 2009) ("Upon information and belief, Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. §271, the '218 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices, including but not limited to the Smart-Pad.") (Attached hereto as Exhibit B). Thus, the *Elan* holding is simply inapposite to the present case.

The holding in *Elan* is inapposite for additional reasons. In *Elan*, the pleadings in

question were presented in the defendants' counterclaims, apparently as a litigation ploy. No such pretext exists in the present case. Additionally, the court found that, as to two of the three alleged patent counterclaims, the defendant had all but admitted that it had no basis for the counterclaims by pleading under Rule 11(b)(3) that "it is likely that reasonable opportunity for further investigation or discovery will confirm" the alleged infringement. *Elan* at *8. Thus, unlike WiAV's infringement claims, the defendant's counterclaims in *Elan* reflected only a suspicion or merely speculated as to infringement. *Id.* at *11 ("[W]hen there are *no* factual circumstances… [s]imply guessing or speculating that there may be a claim is not enough."). As discussed in detail herein, WiAV's infringement claims are much more than speculation and this case is far from the circumstances in *Elan*.

IV. **D-LINK'S MOTION CONTRAVENES WELL-ESTABLISHED AND WELL-PRINCIPLED PROCEDURES AND RULES FOR PATENT LITIGATION**

Given the level of detail in WiAV's Amended Complaint, D-Link's motion raises a vexing question – what more does D-Link want? Although D-Link purports to present a Rule 12(b)(6) motion to dismiss, the crux of D-Link's argument is that, under its construction of the Asserted Patents and its defense theory, D-Link does not infringe. By presenting its non-infringement defense, demanding it be taken as true, and requiring that a pleading on its face withstand such a defense, D-Link attempts an extraordinary contravention of the well-principled and well-established procedures for pleading and litigating patent infringement, especially in this district.

The Eastern District of Texas has promulgated Local Patent Rules that require specific and detailed patent disclosures (infringement contentions pursuant to P.R. 3-1) far in excess of any pleading requirement.[12] These patent disclosures occur early in the

---

[12] Neither *Twombley* nor *Iqbal* contemplated the situation presented by jurisdictions with Patent Local Rules.

WiAV's Opposition to                     Page 11
D-Link's Motion to Dismiss

litigation, but after the initial pleadings, and represent this district's reasoned efforts to balance the competing needs in patent infringement litigation. With the instant motion, D-Link attempts to circumvent the Local Patent Rules by "effectively asking for the P.R. 3-1 disclosures to be provided in the complaint." *PA Advisors LLC v. Google, Inc.*, No. 2:07-cv-480, 2008 U.S. Dist. LEXIS 71285, at *17 (E.D. Tex. Aug. 7, 2008). However, this very Court has already denied such attempts because "[t]o impose such requirements would contravene the notice pleading stand[ard]," *PA Advisors* at * 17 (quoting *Phonometrics, Inc. v. Hospitality Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)), and "undermine the purpose of the Court's Local Patent Rules," *Teirstein v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 WL 704138, *5 (E.D. Tex. Mar. 16, 2009). Thus, as this Court has held before, D-Link's motion is simply "not the proper avenue for requesting the detailed information that [it] seeks." *PA Advisors* at *21; see Order at 4-5, Dkt. 31, *USF Equip. and Servs., Ltd. v. Allied Int'l Emergency, LLC*, No. 2:07-cv-490 (E.D. Tex. Sept. 19, 2008) ("The appropriate vehicles for clarification of the allegations are the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules of Civil Procedure.") (attached hereto as Exhibit C).[13]

Moreover, the very nature and details of D-Link's asserted claim construction belie its motion. In discussing its interpretation of the asserted patents, D-Link tries to mislead the Court by cutting and pasting selected words and phrases from the claims of the asserted patents (as it did with the language from WiAV's pleadings), instead of presenting the full claim language. D-Link purposefully ignores key language in the claims that *literally* contradicts its asserted claim construction, to reach its ultimate theory of non-infringement – that its products "cannot alone infringe the claims of the patents-in-suit." D-Link's Motion at 9.

---

[13] Further, as this Court has previously remarked, it is disingenuous for a defendant such as D-Link to claim that it cannot respond to the Amended Complaint when twenty-three other defendants were able to respond. *See PA Advisors* at *21.

WiAV's Opposition to                    Page 12
D-Link's Motion to Dismiss

Claim 1 of the '338 Patent recites in full (emphasis added):

> In a packet communication network with a plurality of stationary nodes, <u>a method by which **a roaming node**</u> may establish a communication link with said network comprising the steps of:
> transmitting a link acquisition packet to one or more of said stationary nodes;
> receiving a response packet from each of said stationary nodes that successfully receives said link acquisition packets;
> determining from data in said received response packets the one of said stationary nodes that provides the best communication link;
> selecting the one of said stationary nodes that provides the best communication link by transmitting to said selected stationary node a packet informing said selected stationary node that said selected stationary node is a current parent node for said roaming node; and
> transmitting data packets to nodes in the network using an identifier of said parent node as part of the return identifier for said roaming node.

As the full claim language reveals, Claim 1 is directed to a series of steps implemented <u>by a roaming node</u>, not by a system: the roaming node transmits; it receives; it determines; and it selects. Thus, the claim, on its face, does not recite anywhere that multiple nodes jointly transmit, jointly receive, jointly determine or jointly select.

Since the actual claim language literally contradicts D-Link's claim construction, D-Link instead quotes from the specification. D-Link argues that the "patent" requires a "system" because the specification describes an embodiment where mobile phones move within a cellular telephone system. Not only is this argument improperly injected in this motion, the argument is a blatant violation of claim construction principles. Descriptions in a specification about the context in which a device implements claimed steps do not make that context a requirement of the claim.[14] *Phillips v. AWH Corp.*, 415 F. 3d 1303, 1323 (Fed. Cir. 2005) ("For instance, although the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments."). Claim 1 plainly sets out what is required for infringement: a roaming node that implements the recited steps. Thus, D-Link's

---

[14] Under D-Link's rationale, a claim on a method implemented by a car would suddenly become a traffic method if the specification described the car as operating on a freeway. Of course, while D-Link is welcome to assert such an unlikely construction against the claim language, that happens later, not on a motion to dismiss.

WiAV's Opposition to                              Page 13
D-Link's Motion to Dismiss

conclusion that "WiAV has offered a conclusory allegation of patent infringement that, on its face, fails to connect 'wireless network devices' or routers to a method or system that could infringe," D-Link's Motion at 8, is itself an unfounded and incorrect assertion.

D-Link's flawed thinking is even more apparent with the '497 Patent. For example, Claim 27 of the '497 Patent recites in full (emphasis added):

> In a mesh network communication system capable of dynamically establishing links between communication nodes, **a transceiver** in each node of the communication system comprising:
> a receiver for receiving signals transmitted from at least one other node;
> a transmitter for transmitting to at least one other node, wherein all nodes are part of the mesh network communication system capable of dynamically establishing links between communication nodes;
> a controller connected to the receiver and the transmitter for computing at least one performance metric based on data-link on-air characteristics for each of selected ones of the received signals; and
> wherein the transmitter dynamically modifies signal characteristics of selected ones of the transmitted signal based on performances metrics corresponding to the transmitted signals at respective receiving nodes.

Although D-Link creatively mixes bits and phrases from the claims and the specification to conclude that "[s]ystem claims 27 and 28… require multiple 'nodes' in order to infringe," D-Link's Motion at 8, the literal language of the claims again summarily contradicts D-Link's position. Claim 27 is literally an apparatus claim, not a "system" claim.[15] It is literally directed to <u>a transceiver</u>, which is comprised of several elements, such as a receiver, transmitter, and controller. Thus, the asserted patents claim either an apparatus or a device implementing a method. Neither of the asserted patents, on their face, supports D-Link's asserted "joint actor" construction of the claims.[16]

---

[15] Claim 28 is directed to a "controller" and is also literally an apparatus claim.
[16] D-Link makes a final, passing comment that WiAV deliberately avoided suing suppliers of "chips" and that such chips are the "center of the litigation." According to D-Link, "a simple reading of the claims of the patents-in-suit, reveals that the patents relate to wireless computer chips incorporated into various network devices, not a finished product that includes many other chips." D-Link's Motion at 10. This comment is symptomatic of the misguided thinking that permeates D-Link's motion. First, D-Link is not magically immune from liability because it happens to incorporate a chip into a finished product, even if it does not know how the chip works. Second, by making this comment, D-Link acknowledges that it indeed has an understanding of how the patents are connected to its wireless network devices or router products – which only pages before it vigorously argued it did not. The running theme throughout D-Link's motion is

WiAV's Opposition to                              Page 14
D-Link's Motion to Dismiss

Stepping out of D-Link's looking-glass, it is clear that the alleged patent infringement by D-Link's products is more than plausible. This is not a case where the patents claim dogs and D-Link makes cats. Certainly the patents are not so difficult to understand that a company in the business of D-Link cannot recognize that its wireless network devices and router products may constitute a roaming node that implements steps to establish a communication link with a communication network or may constitute an apparatus in a network communication system. Even assuming in the unlikely event that the claims were susceptible to D-Link's unreasonable construction, D-Link has then merely raised a potential claim construction issue. That merely defers D-Link's arguments presented in this premature motion and does not defeat WiAV's well-pled Amended Complaint. *See Ola* at *11. Ultimately, by making these very arguments, D-Link has conceded that it understands the infringement charges against it.

## V.    CONCLUSION

D-Link deserves neither special treatment nor a dismissal by fiat. Just like all the other answering defendants, D-Link must present its claim construction and non-infringement theories at the proper stage in the proceedings and support its defense with competent evidence. WiAV expects to do no less and looks forward to presenting its full infringement case as envisioned by the Federal Rules of Civil Procedure and the Local Rules of this Court. Therefore, for the reasons presented in this brief, WiAV respectfully urges the Court to deny D-Link's motion to dismiss and permit the parties to move forward with an adjudication on the merits of WiAV's claims.

---

"WiAV's infringement allegations are too vague to understand, but here is our argument against them."

WiAV's Opposition to                             Page 15
D-Link's Motion to Dismiss

Dated: October 30, 2009

Respectfully Submitted,

/s/ S. Calvin Capshaw
S. Calvin Capshaw (Bar. No. 03783900)
Elizabeth L. DeRieux (Bar No. 05770585)
D. Jeffrey Rambin (Bar No. 00791478)
CAPSHAW DeRIEUX, LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601
(T) (903) 236-9800
(F) (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshalaw.com
Email: jrambin@capshalaw.com

Andrew Choung (Cal. Bar No. 203192)
Tae H. Kim (Cal. Bar No. 214684)
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, California 94105
(T) (415) 830-9462
(F) (415) 762-4191
Email: andrew.choung@echelaw.com
Email: tae.kim@echelaw.com

Kevin Mun (Va. Bar No. 73247)
ECHELON LAW GROUP, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
(T) (703) 496-5000
(F) (703) 579-0105
Email: kevin.mun@echelaw.com

ATTORNEYS FOR PLAINTIFF
WIAV NETWORKS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of October, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ S. Calvin Capshaw