**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| WIAV NETWORKS, LLC, a Virginia limited liability company, | |
| Plaintiff, | Civil Action No. 5:09-cv-00101-DF |
| v. | JURY TRIAL DEMANDED |
| 3COM CORPORATION, a Delaware company, et al., | |
| Defendants. | |

## WIAV NETWORKS, LLC'S ANSWER TO MOTOROLA, INC.'S AMENDED COUNTERCLAIMS

Plaintiff WIAV Networks, LLC ("WIAV"), by and through its attorneys, hereby responds to the amended counterclaims of Defendant and Counterclaimant Motorola, Inc. ("Motorola") as follows:

### THE PARTIES

159.     WIAV is informed and believes that Motorola is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196 and, on that basis, admits the allegations contained in paragraph 160.

160.     WIAV admits the allegations contained in paragraph 161.

### JURISDICTION AND VENUE

161.     WIAV admits that this Court has subject matter jurisdiction over the purported counterclaims of Motorola.  WIAV admits that the counterclaims of Motorola purport to arise under the patent laws of the United States, 35 U.S.C. §§ 101 et seq.,

pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202.  Except as so admitted, WIAV denies the remaining allegations contained in paragraph 162.

162.    WIAV admits, for the purpose of this action only, that this Court has personal jurisdiction over WIAV.  WIAV admits that it filed an amended complaint for patent infringement in this Court.  Except as so admitted, WIAV denies the remaining allegations contained in paragraph 163.

163.    WIAV admits, for the purpose of this action only, that venue is established in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  WIAV admits that it filed claims for patent infringement in this Court.  Except as so admitted, WIAV denies the remaining allegations contained in paragraph 164.

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

164.    WIAV admits the allegations contained in paragraph 165.

165.    WIAV admits the allegations contained in paragraph 166.

166.    WIAV admits the allegations contained in paragraph 167.

167.    WIAV admits the allegations contained in paragraph 168.

168.    WIAV admits that there is a justiciable controversy between WIAV and Motorola.  WIAV admits that it has alleged infringement by Motorola of the '497 Patent and the '338 Patent.  Except as so admitted, WIAV denies the remaining allegations contained in paragraph 169.

## FIRST CLAIM FOR RELIEF AGAINST WIAV

### (Declaratory Judgment of Non-Infringement of the '497 Patent)

169.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

170.    WIAV denies the allegations contained in paragraph 170.

## SECOND CLAIM FOR RELIEF AGAINST WIAV

### (Declaratory Judgment of Non-Infringement of the '338 Patent)

171.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

172.    WIAV denies the allegations contained in paragraph 173.

### THIRD CLAIM FOR RELIEF AGAINST WIAV

**(Declaratory Judgment of Invalidity of the '497 Patent)**

173.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

174.    WIAV denies the allegations contained in paragraph 174.

### FOURTH CLAIM FOR RELIEF AGAINST WIAV

**(Declaratory Judgment of Invalidity of the '338 Patent)**

175.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

176.    WIAV denies the allegations contained in paragraph 177.

### FIFTH CLAIM FOR RELIEF AGAINST WIAV

**(Declaratory Judgment of Unenforceability of the '497 Patent)**

177.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

178.    WIAV admits that George H. Flammer and Kenneth R. Allen were involved in the prosecution of the application leading to the '497 Patent. WIAV denies that U.S. Patent No. 5,465,398 ("the '398 Patent") is not cumulative to the references cited to the PTO. WIAV denies that the '398 Patent is highly material to the patentability of the claims of the '497 Patent. WIAV is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 179 and, on that basis, denies them.

179.    WIAV denies the allegations contained in paragraph 180.

### SIXTH CLAIM FOR RELIEF AGAINST WIAV

**(Declaratory Judgment of Unenforceability of the '338 Patent)**

180.    WIAV realleges and incorporates by reference the responses to paragraphs 160 through 169 stated above.

181.    WIAV admits that George H. Flammer, Kenneth R. Allen, and Stephen J. LeBlanc were involved in the prosecution of the application leading to the '338 Patent. WIAV denies that U.S. Patent No. 5,079,768 ("the '768 Patent") is not cumulative to the references cited to the PTO. WIAV denies that the '768 Patent is highly material to the patentability of the claims of the '338 Patent. WIAV is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 182 and, on that basis, denies them.

182.    WIAV denies the allegations contained in paragraph 183.

## AFFIRMATIVE DEFENSES

Further responding to Motorola's counterclaims, WIAV asserts the following defenses. WIAV reserves the right to amend its response with additional defenses as further information is obtained.

### FIRST DEFENSE

### (Failure to State a Claim)

183.    Motorola's counterclaims fail to state a claim against WIAV upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, WIAV respectfully request judgment of the Court against Motorola as follows:

a.    a declaration that Motorola's accused products infringe the '497 Patent and the '338 Patent;

b.    a declaration that the '497 Patent and the '338 Patent are not invalid;

c.    a declaration that the '947 Patent and the '338 Patent are not unenforceable;

d.    dismissal of Motorola's counterclaims with prejudice;

e.     an award of attorneys' fees and costs; and

f.     such other costs and further relief as the court may deem just and equitable.


DATED:  November 9, 2009                    Respectfully submitted,

                                            By:   /s/ Andrew Choung
                                                 Tae H. Kim (CA Bar No. 214684)
                                                 Andrew Choung (CA Bar No. 203192)
                                                 ECHELON LAW GROUP, PC
                                                 150 Spear Street, Suite 825
                                                 San Francisco, CA 94105
                                                 (T) (415) 830-9462
                                                 (F) (415) 762-4191

                                                 Kevin Mun (VA Bar No. 73247)
                                                 ECHELON LAW GROUP, PC
                                                 1919 Gallows Road, Suite 330
                                                 Vienna, Virginia 22182
                                                 (T) (703) 496-5000
                                                 (F) (703) 579-0105

                                                 S. Calvin Capshaw
                                                 State Bar No. 03783900
                                                 Elizabeth L. DeRieux
                                                 State Bar No. 05770585
                                                 D. Jeffrey Rambin
                                                 State Bar No. 00791478
                                                 CAPSHAW DeRIEUX, LLP
                                                 1127 Judson Road, Suite 220
                                                 P.O. Box 3999 (75606-3999)
                                                 Longview, Texas 75601
                                                 Telephone:  (903) 236-9800
                                                 Facsimile:   (903) 236-8787
                                                 Email: ccapshaw@capshawlaw.com
                                                 Email: ederieux@capshawlaw.com
                                                 Email: jrambin@capshawlaw.com


                                            ATTORNEYS FOR PLAINTIFF WIAV
                                            NETWORKS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Andrew Choung