**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| WIAV NETWORKS, LLC, a Virginia limited liability company,<br><br>                    Plaintiff,<br><br>    v.<br><br>3COM CORPORATION, et al.,<br><br>                    Defendants. | Civil Action No. 5:09-cv-00101-DF |

**STIPULATED MOTION TO DISMISS WITHOUT
PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Defendant Lenovo Group Limited and its related United States entities, Lenovo (United States) Inc. and Lenovo Holding Company, Inc. ("U.S. Lenovo Defendants") (collectively, "Lenovo Defendants"), and Plaintiff WIAV Networks, LLC. ("Plaintiff") stipulate and jointly move to dismiss Plaintiff's Amended Complaint against Lenovo Group Limited without prejudice to reinstate and with no award of fees or costs, based on the following:

1.    Lenovo Defendants have represented and hereby affirm their representation to Plaintiff that Lenovo Group Limited does not make, use, offer to sell, or sell in the United States or import into the United States the products identified in Plaintiff's Amended Complaint or any reasonably similar products ("Accused Products"), except, as the case may be, through its wholly-owned U.S. Lenovo Defendants, which remain named defendants in this litigation.

2.    To the extent it is determined that Lenovo Group Limited has made, used, offered to sell, or sold in the United States or imported into the United States any Accused Product, any

such acts will be treated for purposes of this litigation as if they had been conducted by the U.S. Lenovo Defendants.

3. Lenovo Defendants agree that Plaintiff's communications with Lenovo Group Limited in connection with this litigation shall be treated, for purposes of this litigation, as communications with the U.S. Lenovo Defendants.

4. For purposes of discovery in this matter, Lenovo Defendants have agreed and hereby affirm that, upon entry of an order of dismissal: information and documents in the possession, custody, or control of Lenovo Group Limited will be deemed in the possession, custody, or control of the U.S. Lenovo Defendants, but only to the extent they may be relevant to this litigation, Plaintiff issues a request for them to the U.S. Lenovo Defendants, and they are not otherwise available from the U.S. Lenovo Defendants. The parties agree to meet and confer in good faith to resolve any objections consistent with the foregoing agreements, including without limitation objections to the nature or scope of any requests for information.

5. Plaintiff agrees that any depositions of Lenovo Group Limited's officers or employees residing outside the United States, including personal and corporate depositions pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), respectively, will occur at Lenovo Group Limited's request in the deponent's country of residence if voluntary depositions are permitted under the law of the country in which they reside or in the nearest geographical location if voluntary depositions are not permitted in the country in which those officers or employees reside, but that Plaintiff shall not be restricted to the use of U.S. consular premises or consular officers for certification unless required by law of the country in which the deposition is to take place. If the law of the country where the deposition would take place requires the deposition to be conducted within U.S. consular premises or by a U.S. consular officer, Plaintiff

will use reasonable efforts to ensure that such consular premises or consular officer is available during the Court's discovery period.  If, despite Plaintiff's reasonable efforts, no such consular premises or consular officer is reasonably available during the Court's discovery period, then Lenovo Group Limited shall, to the extent reasonable, make the deponent available in a country of its choosing in which there is no restriction on the location of depositions.  The parties agree to negotiate in good faith over the specific location and timing for any such deposition.

6. The parties agree that this stipulation and the terms herein are the result of a compromise between the parties, for the benefit of only the parties to the stipulation and not intended to be relief upon or used by any other party for any purpose except as contemplated herein.  The parties agree that this stipulation and the terms herein do not constitute an admission of liability or non-liability by any party.

A proposed Order granting this stipulated motion is attached for the Court's convenience.

Dated:  December 28, 2009

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| WIAV NETWORKS, LLC | LENOVO (UNITED STATES) INC., AND LENOVO HOLDING COMPANY |
| By:     /s/ Andrew Choung_____ | By: /s/Fred Williams by permission Andrew Choung |
| Andrew Choung (SBN 203192)<br>Tae H. Kim (SBN 214684)<br>ECHELON LAW GROUP, PC<br>150 Spear Street, Suite 825<br>San Francisco, California 94105<br>Telephone: (415) 830-9462<br>Facsimile: (415) 762-4191<br>andrew.choung@echelaw.com<br>tae.kim@echelaw.com | Fred I. Williams (lead attorney)<br>Texas State Bar No. 00794855<br>fwilliams@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD, LLP<br>300 West Sixth Street, Suite 2100<br>Austin, Texas  78701<br>Telephone: (512) 499-6200<br>Facsimile:  (512) 499-6290 |
| K. Kevin Mun (*pro hac vice*)<br>ECHELON LAW GROUP, PC<br>1919 Gallows Road, Suite 330<br>San Francisco, California 94105<br>Telephone: (415) 830-9462<br>Facsimile: (415) 762-4191<br>kevin.mun@echelaw.com | Eric J. Klein<br>Texas State Bar No. 24041258<br>eklein@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD, LLP<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201<br>Telephone:  (214) 969-2800<br>Facsimile:   (214) 969-4343 |
| *Attorneys for Plaintiff WIAV Networks, LLC* | *Attorneys for Defendants Lenovo (United States) Inc. and Lenovo Holding Company* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the forgoing by email, on this 28th day of December, 2009.

    /s/ Andrew Choung

Andrew Choung (Cal. Bar No. 203192)
Tae H. Kim (Cal. Bar No. 214684)
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, California 94105
(T) (415) 830-9462
(F) (415) 762-4191
Email: andrew.choung@echelaw.com
Email: tae.kim@echelaw.com